2004 OK JUD ETH 1

### JUDICIAL ETHICS OPINION 2004–1.

### No. 2004–1.

Oklahoma Judicial Ethics Advisory Panel.

June 10, 2004.

**QUESTION:**

May a Special District Judge legally and ethically serve as a part-time adjunct faculty member at a private university and be compensated for teaching various introductory college level night classes pertaining to the law?

**WE ANSWER:** Yes, with qualifications.

**DISCUSSION:**

As we have stated in previous opinions, it is not the mandate of the Ethics Commission to make findings as to whether a proposed activity inquired about is "legal" under constitutional or statutory authority. Our advisory opinions are limited to compliance with the Code of Judicial Conduct, as promulgated by the Supreme Court of the State of Oklahoma.

> **Canon 2A** "A judge should respect and comply with the law and act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

In interpreting this provision of the Code, it is sometimes necessary to call attention to a statute or constitutional provision that could affect the propriety of the activity inquired about and to caution the inquirer to be mindful thereof without expressing an opinion as to the conclusion to be reached. Therefore, we offer no opinion as to whether the judge may legally engage in the activity of which inquiry was made.

We find nothing in the Code of Judicial Conduct that would prohibit the proposed activity subject to Canon 4A(3) or Canon 4B Avocational Activities. "A Judge may speak, write, lecture, teach and participate in other extra-judicial activities concerning the law, the legal system, the administration of justice and non-legal subjects, subject to the requirements of this Code."

A number of Judicial Ethics Advisory bodies from other states have addressed this question and have overwhelmingly approved, subject to constitutional or statutory restrictions.

The Utah Ethics Advisory Committee noted in Opinion 90–1 (6/14/90), that "teaching law related matters provides intellectual enrichment for the judge, is an important source of improvement for the judicial system and is fully consistent with the public's perception of the appropriate role for judges in our society."

The New Mexico Advisory Committee on the Code of Judicial Conduct in Opinion 02–07 states, "It is a time-honored tradition that judges should engage in lecturing and teach legal and non-legal subjects. There is little doubt that students will benefit from involvement of the learned judge in the educational process."

The Florida Committee on Standards of Judicial Conduct noted, "It appears to us that a justice or judge, especially learned in the law, is in a unique position to contribute to the improvement of the legal system and the administration of justice by lecturing and teaching law school students who will be the Bench and Bar of tomorrow."

We concur in the sentiments expressed in these opinions.

**Canon 4A Extra–Judicial Activities in General.** A judge should conduct all of the judge's extra-judicial activities to that they do not: . . .

> (3) interfere with the proper performance of judicial duties."

A Special District Judge serves at the pleasure of the District Judges of the administrative district and it would seem appropriate that a judge should obtain the approval of the District Judges within the administrative district prior to teaching. The judge should limit time spent on preparation for teaching so as not to interfere with the proper performance of judicial duties.

/s/ Robert L. Bailey, Chairman

/s/ Robert D. Simms, Vice Chairman

/s/ Milton C. Craig, Secretary